J-S65044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL GIBBS | |
| Appellant | No. 1336 EDA 2015 |

Appeal from the PCRA Order April 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0709961-1993

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

JUDGMENT ORDER BY JENKINS, J.:                **FILED MARCH 02, 2016**

Pursuant to our Supreme Court's recent orders in **Commonwealth v. Jones,** 947 MAL 2015 (Pa., 2/12/16), and related cases, and this Court's recent decision in **Commonwealth v. Secreti**, 578 WDA 2015 (Pa.Super., 2/9/16), the PCRA court's order is reversed, Appellant Michael Gibbs' judgment of sentence is **VACATED**, and this case is remanded for further proceedings.

We explain our decision briefly.  On January 25, 2016, the United States Supreme Court held in **Montgomery v. Louisiana**, ____ U.S. ___, 2016 WL 280758 *12 (filed January 25, 2016, as revised on January 27, 2016), that its decision in **Miller v. Alabama**, ____ U.S. ___, 132 S.Ct. 2455 (2012), applies retroactively.  **Miller** held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole

upon a homicide defendant for a murder committed while the defendant was a juvenile.

Shortly after **Montgomery's** issuance, this Court entered a published opinion in **Secreti**. There, Secreti was sentenced to automatic life imprisonment without possibility of parole for committing first degree murder as a juvenile. On June 25, 2012, the United States Supreme Court issued its decision in **Miller.** On August 15, 2012, Secreti filed a timely PCRA petition seeking relief under **Miller**. On February 9, 2016, following **Montgomery**, this Court held that (1) **Miller** applied retroactively to Secreti's sentence under the PCRA's retroactivity provision, 42 Pa.C.S. § 9545(b)(1)(iii); (2) Secreti's sentence was unconstitutional under **Miller**, and (3) Secreti was entitled to a new sentencing hearing. Moreover, on February 11 and 12, 2016, our Supreme Court granted relief to multiple PCRA petitioners under **Miller** and **Montgomery** and remanded their cases for further proceedings. **See**, **e.g.**, **Jones**, **supra**.

**Secreti** squarely applies to this case. In 1994, Gibbs was convicted of second degree murder for a murder that he committed as a 17 year old juvenile. He was also convicted and given concurrent sentences for other felonies. On July 16, 2012, Gibbs timely filed a PCRA petition seeking relief under **Miller**. As in **Secreti**, (1) **Miller** applies retroactively to Gibbs' sentence under 42 Pa.C.S. § 9545(b)(1)(iii); (2) Gibbs' sentence is

unconstitutional under **Miller**, and (3) Gibbs is entitled to a new sentencing hearing.

The PCRA court's order denying relief to Gibbs under **Miller** is reversed; Gibbs' judgment of sentence is vacated; the case is remanded to the court of common pleas for further proceedings consistent with **Miller** and **Montgomery**; jurisdiction is relinquished.[1]

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/2/2016

---

[1] The court also may impose new sentences for any other counts of conviction, because the original sentencing scheme may be disrupted by a new sentence on the first degree murder conviction. **See Commonwealth v. Goldhammer**, 507 A.2d 1280 (Pa.1986).